```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**JERRY HUTCHINS,**

        Plaintiff,

   vs.                                  Civil Action 2:14-cv-196
                                        Judge Smith
                                        Magistrate Judge King

**CHOICE RECOVERY, INC.,**

        Defendant.

<u>OPINION AND ORDER</u>

**I.  Background**

    This is an action under the Fair Debt Collection Practices Act (the "Act" or "FDCPA"), 15 U.S.C. § 1692 *et seq.*, in which plaintiff alleges that defendant violated the Act when it failed to update plaintiff's credit report as "disputed" in light of plaintiff's challenge to the validity of the debt.  This matter is before the Court on defendant's *Motion to Compel Plaintiff to Respond to Discovery and for Appropriate Sanctions* ("*Defendant's Motion*"), ECF 12.  *Defendant's Motion* was filed on September 2, 2014.  On September 8, 2014, plaintiff filed an opposition to *Defendant's Motion*.  *Plaintiff's Response to Defendant Choice Recovery, Inc.'s Motion to Compel and for Sanctions* ("*Plaintiff's Response*"), ECF 16.  On September 12, 2014, the parties reported the case as settled.  ECF 17.  However, on October 24, 2014, the Court, noting that the parties had appeared to have reached impasse on an issue, ordered that the current pretrial schedule proceed.  *Order*, ECF 21.  On November 25, 2014, the Court directed the parties "to advise the Court, by December 2, 2014,

whether defendant's motion to compel remains viable." *Order*, ECF 22.

On December 2, 2014, defendant indicated that *Defendant's Motion* was still viable and that defendant was seeking to compel production of "(a) the attorney fee agreement between Plaintiff and his counsel, and (b) the nineteen (19) withheld pages of Plaintiff's credit report." *Status Report*, ECF 23. Defendant also indicated that it was seeking an award of attorney fees. *Id*.

On December 3, 2014, plaintiff's counsel filed a *Status Report*, ECF 24, indicating that plaintiff has produced "a copy of the retainer agreement between Plaintiff and his attorneys." As to his credit report, plaintiff indicated the following:

> Plaintiff also maintains that his entire credit report is not relevant and need not be produced to determine the merits of the above captioned case. Plaintiff does not seek actual damages. Defendant's requests are intended to harass, oppress, and annoy Plaintiff. Even so, Plaintiff has requested his credit reports from the credit reporting agencies, Transunion, Equifax, and Experian, and will be able to produce the credit reports once they are received.

*Id*. Plaintiff also opposes defendant's request for attorney fees.

For the following reasons, *Defendant's Motion* is **GRANTED in part** and **DENIED in part**.

**II. Standard**

Defendant's request to compel response to requests for production of documents is governed by Rule 37 of the Federal Rules of Civil Procedure. Rule 37 authorizes a motion to compel discovery when a party fails to provide a proper response to a request for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select*

2

*Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970). However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). *See also Lewis*, 135 F.3d at 402 (determining the proper scope of discovery falls within the broad discretion of the trial court). In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg. Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Finally, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to

obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2. This prerequisite has been met here.

**III. Discussion**

Defendant seeks to compel response to a request for the production of documents seeking a copy of plaintiff's credit report.[1] *Defendant's Motion*, p. 3, Exhibit 1 at p. 4; *Status Report*, ECF 23. Defendant argues that the credit report is relevant because plaintiff alleges that his credit reputation was harmed. *Defendant's Motion*, p. 3. Plaintiff has produced the two pages of his credit report containing the disputed debt, but objects to producing the entire credit report on the basis that it is not relevant to any claim or defense. *Plaintiff's Response*, p. 4. Plaintiff argues that he "need not produce her [sic] entire credit report to show that Defendant reported inaccurate information" and that defendant will not be prejudiced by the withholding of the entire credit report. *Id*. at p. 5. *See also Status Report*, ECF 24 ("Plaintiff also maintains that his entire credit report is not relevant and need not be produced to determine the merits of the above captioned case."). Plaintiff also represents that he "has requested his credit reports from the credit reporting agencies, Transunion, Equifax, and Experian, and will be able to produce the credit reports once they are received." *Id*. It is unclear from plaintiff's *Status Report* whether plaintiff intends to

---

[1] *Defendant's Motion* also seeks to compel production of the fee agreement between plaintiff and his attorney. *Defendant's Motion*, p. 3, Exhibit 1 at p. 4; *Status Report*, ECF 23. Defendant argues that the fee agreement is relevant because "this is a fee-shifting case." *Defendant's Motion*, p. 3. Plaintiff originally objected to production of his fee agreement on the basis that the agreement is not relevant to any claim or defense. *Plaintiff's Response*, p. 5. However, as indicated *supra*, plaintiff now represents that he has produced "a copy of the retainer agreement between Plaintiff and his attorneys." *Status Report*, ECF 24.

4

actually produce his credit reports or whether he persists in his contention "that his entire credit report is not relevant and need not be produced." *See Status Report*, ECF 24. The Court will therefore consider the merits of *Defendant's Motion* in this regard.

The *Amended Complaint*, ECF 7, alleges that defendant "left its wrongful and incomplete information on [plaintiff's] credit report despite its knowledge" that the debt was disputed, and that "[t]his significantly harmed Plaintiff and his credit reputation." *Id*. at ¶ 19. Plaintiff alleges violations of 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), 1692f, and seeks "statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA."[2] *Id*. at ¶¶ 28, 31, 34, 37. Actual damages under 15 U.S.C. § 1692k(a)(1) include out-of-pocket expenses and damages for personal humiliation, embarrassment, mental anguish, and emotional distress. *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F. Supp. 2d 968, 971-74 (N.D. Ohio 2008); *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, No. 2:02CV0743, 2005 WL 1379107, at *4 (S.D. Ohio June 9, 2005); *Becker v. Montgomery, Lynch*, No. 1:02CV874, 2003 WL 23335929, at *2 (N.D. Ohio Feb. 26, 2003).

Plaintiff alleges, *inter alia*, that his credit reputation was damaged as a result of the alleged FDCPA violations. *Amended Complaint*, ¶ 19. Although plaintiff argues that only the disputed debt is at issue, *see Plaintiff's Response*, p. 4, plaintiff's "credit reputation" is affected by everything in his credit report, and

---

[2] Plaintiff now represents that he "does not seek actual damages." *Status Report*, ECF 24. This representation is contrary to the allegations in the *Amended Complaint*, *see Amended Complaint*, ¶¶ 28, 31, 34, 37, and plaintiff has not moved to dismiss his claims for actual damages.

defendant will be unable to assess the extent of any harm to plaintiff's "credit reputation" without full access to plaintiff's credit report.  The Court therefore concludes that plaintiff's entire credit report is relevant to this action. Plaintiff must produce that report in its entirety.

Defendant also seeks an award of sanctions in the amount of $280 in attorney fees incurred in connection with *Defendant's Motion*.  Rule 37 of the Federal Rules of Civil Procedure requires, after granting an opportunity to be heard, the payment of expenses, including reasonable attorney's fees, associated with the grant of a motion to compel unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).

*Defendant's Motion* sought to compel response to requests for production of documents propounded on April 1, 2014.  *Defendant's Motion*, Exhibit 1.  Defendant granted plaintiff an extension of time to respond to the requests and, on August 22, 2014, plaintiff's counsel served responsive documents.  *Plaintiff's Response*, p. 2.  However, "[d]ue to an oversight and clerical error, Plaintiff's attorney did not attach Plaintiff's itemized formal responses in the same email."  *Id*.  Defendant's counsel responded via email the same day: "Jordan – Thanks for the email.  However, I must ask.  Is that it?" and, on September 3, 2014, informed plaintiff's counsel that no

6

formal responses had been received.  *Id*. at pp. 2-3.  Plaintiff's counsel represents that, "[d]uring said phone call, Plaintiff communicated to Defendant's attorney that it was not aware of the oversight and would review the records and confer with the attorney of record[3] to determine whether all the intended documents were served."  *Id*.  Plaintiff also represents that defendant filed its motion "mere hours after speaking to Plaintiff's attorney and before Plaintiff's attorney was able to verify whether all intended documents were sent to Defendant."  *Id*.  In light of the foregoing and considering that the matter was resolved without undue expense and inconvenience to the parties or the Court, the Court concludes that its discretion is better exercised in declining to award attorney fees.

    **WHEREUPON**, based on the foregoing, *Defendant's Motion*, ECF 12, is **GRANTED in part** and **DENIED in part**.  Plaintiff is **ORDERED** to produce his entire credit report within seven (7) days of receiving the reports from Transunion, Equifax, and Experian.  The Court notes that plaintiff has already requested the reports from the credit reporting agencies.  *Status Report*, ECF 24.

December 4, 2014                            *s/Norah McCann King*
                                                 Norah M<sup>c</sup>Cann King
                                      United States Magistrate Judge

---

[3] The Court notes that Jordan Scott Cushner is the only attorney to have entered an appearance on plaintiff's behalf.