IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JERRY HUTCHINS,**

        **Plaintiff,**

   **vs.**                                       Civil Action 2:14-cv-196
                                                      Magistrate Judge King

**CHOICE RECOVERY, INC.,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of *Plaintiff's Motion to Enforce Settlement Agreement* ("*Plaintiff's Motion*"), ECF 32, and defendant's *Memorandum in Opposition* ("*Defendant's Response*"), ECF 35.[1]

**I.  Background**

This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, in which plaintiff Jerry Hutchins alleges that defendant violated the Act when it failed to update plaintiff's credit report as "disputed" in light of plaintiff's challenge to the validity of the debt.  The case was referred to a mediation to be held on September 12, 2014. *Notice of Settlement Conference*, ECF 11. Defendant apparently noticed plaintiff's deposition to take place on the same day.  Prior to the Settlement Week mediation and plaintiff's deposition, however, the parties entered into settlement negotiations

---

[1] Plaintiff was granted an extension of time until April 15, 2015 to file a reply, *Order*, ECF 39, but failed to do so.  Because *Plaintiff's Reply*, ECF 41, which was filed on April 22, 2015 without prior leave of court, was untimely, it will not be considered.

in an effort to resolve this and a related case, *Jerry Hutchins v. Choice Recovery, Inc.*, 2:14-cv-00197 (S.D. Ohio). Defendant offered to settle both cases for a sum of money and its counsel advised that he "need[ed] [his] usual complete release and dismissals with prejudice." *Plaintiff's Motion*, Exhibit 1. Plaintiff accepted the offer and the parties agreed to the filing of *Plaintiff's Notice of Settlement* on September 12, 2014. *See id*. at pp. 3-5, Exhibits 1-4; *Defendant's Response*, pp. 1-2; *Plaintiff's Notice of Settlement*, ECF 17. *Plaintiff's Notice of Settlement* indicated that the parties had reached a settlement, requested a stay of all case deadlines, asked that the parties and counsel be excused from future court appearances and filings, and represented that a dismissal entry would be filed within 30 days.

Defendant represents that, a few days after the parties reached a settlement, it learned that plaintiff had "fraudulently misrepresented" Paragraph 16 of the *Amended Complaint*, ECF 7. *Defendant's Response*, p. 2. Paragraph 16 alleges that plaintiff "sent two dispute letters to Defendant, which also requested validation of the Alleged Debt" on July 17, 2013. *Amended Complaint*, ¶ 16. Defendant sought confirmation of the allegation in Paragraph 16 of the *Amended Complaint* and included in its proposed release a requirement that plaintiff confirm that allegation. *Plaintiff's Motion*, pp. 5-6. In response, plaintiff took the position that the parties had agreed to terms of settlement which did not include the confirmation requested by defendant.

The Court held a final pretrial conference on March 5, 2015, and scheduled trial to begin June 16, 2015. *Final Pretrial Order*, ECF 34. Plaintiff's motion to enforce the settlement agreement was filed on March 2, 2015. Defendant does not deny that the parties entered into a settlement agreement, nor does it challenge the terms of the agreement. Rather, defendant argues that the settlement agreement "should be set aside as unenforceable due to fraud in the inducement." *Defendant's Response*, p. 4.

**II. Standard**

The United States Court of Appeals for the Sixth Circuit has "held that a district court 'has the inherent authority and equitable power to enforce agreements in settlement of litigation before it, even if that agreement has not been reduced to writing.'" *Moore v. U.S. Postal Serv.,* 369 F. App'x 712, 717 (6th Cir. 2010) (quoting *Bowater N. Am. Corp. v. Murray Mach., Inc.,* 773 F.2d 71, 76–77 (6th Cir. 1985)). "Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 650 (6th Cir. 2001) (citing *Clinton St. Greater Bethlehem Church v. City of Detroit,* 484 F.2d 185, 189 (6th Cir. 1973)). "Summary enforcement of a settlement agreement for which there is no dispute as to the terms of the agreement is the only appropriate judicial response, absent proof of fraud or duress." *Id*. (citing *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976)).

A party seeking to set aside a settlement agreement based on fraud bears the burden of establishing that the agreement was tainted with fraud.  *Henley v. Cuyahoga Cnty. Bd. of Mental Retardation & Developmental Disabilities*, 141 F. App'x 437, 443 (6th Cir. 2005) (citing *Brown v. Cnty. of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989)).  "[F]raud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation."  *ABM Farms, Inc. v. Woods*, 81 Ohio St. 3d 498, 502 (Ohio 1998).  "'The fraud relates not to the nature or purport of the [contract], but to the facts inducing its execution . . .'"  *Id.* (alteration in original) (quoting *Haller v. Borror Corp.*, 50 Ohio St. 3d 10, 14 (Ohio 1990)).  "In order to prove fraud in the inducement, a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment."  *Id.* (citing *Beer v. Griffith*, 61 Ohio St. 2d 119, 123 (Ohio 1980)).  *See also Med. Billing, Inc. v. Med. Mgmt. Sciences, Inc.*, 212 F.3d 332, 338 (6th Cir. 2000) (indicating that, under Ohio law, the elements of fraud in the inducement are the same as the elements generally required for fraud).  *See also Williams v. Aetna Fin. Co.*, 83 Ohio St. 3d 464, 475 (Ohio 1998) ("Fraud is (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of

4

misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.") (internal quotations omitted)).

### III. Discussion

Defendant argues that it was fraudulently induced to settle this action by plaintiff's knowingly false allegation in the *Amended Complaint*. *Defendant's Response*, p. 6. Defendant represents that, a few days after the parties had reached settlement, it learned through depositions and discovery obtained in similar cases filed by the same counsel on behalf of different plaintiffs that plaintiff "fraudulently misrepresented" Paragraph 16 in the *Amended Complaint*. *Defendant's Response*, pp. 2-4. As noted *supra*, Paragraph 16 alleges that plaintiff "sent two dispute letters to Defendant, which also requested validation of the Alleged Debt" on July 17, 2013. *Amended Complaint*, ¶ 16. The allegation is fraudulent, defendant argues, because it was actually an employee of a credit consulting agency hired by plaintiff who sent the dispute letter, not plaintiff. *See Defendant's Response*, pp. 1-6. Defendant argues that the "misrepresentation is material because it is the heart of Plaintiff's Complaint and Amended Complaint." *Id.* at p. 6. Defendant's arguments are not well taken.

Defendant contends that it was induced by a false allegation in Paragraph 16 of the *Amended Complaint*, which was filed on March 4, 2014, to enter into a settlement agreement six months later. According to defendant, the misrepresentation was "material because it is the heart of Plaintiff's Complaint and Amended Complaint."

5

*Defendant's Response*, p. 6.  It is significant, however, that defendant denied the allegation made in Paragraph 16 of the *Amended Complaint. Answer*, ECF 8. Moreover, although defendant had more than five months to discover the truth or falsity of that allegation, *see Preliminary Pretrial Order*, ECF 10, defendant chose not to pursue that discovery.  Instead, defendant opted to settle the case before even deposing plaintiff.  Indeed, plaintiff represents, and defendant does not contest, that defendant "never inquired" about whether it was plaintiff who signed and sent the two dispute letters that are referred to in the *Amended Complaint* until after the parties had agreed to terms of settlement.  *See Plaintiff's Motion*, p. 6.  Under these circumstances, defendant has failed to establish that any misrepresentation contained in Paragraph 16 of the *Amended Complaint* – if indeed there was a misrepresentation – was material or that defendant was justified in relying on the allegation when it chose to settle this case.  Moreover, defendant has offered no evidence that it actually relied on the representation contained in Paragraph 16 of the *Amended Complaint* when it chose to settle this matter.  Defendant has therefore failed to establish that plaintiff fraudulently induced it to enter into the settlement agreement, and plaintiff is therefore entitled to enforcement of the settlement agreement.

   *Plaintiff's Motion* also seeks sanctions for defendant's "refusal to comply with the terms of the agreement."  Plaintiff argues that defendant has without justification in refusing to comply with the terms of the settlement agreement for more than five months, despite

the parties' agreement "that payment would be made within a reasonable time and in a reasonable manner." *Plaintiff's Motion*, p. 9. Plaintiff seeks "sanctions of $250 per day since September 12, 2014 and until the settlement sum is paid." *Id*. at pp. 9-10. Plaintiff also seeks $3,750 in attorneys' fees for work performed since September 12, 2014, including the filing of *Plaintiff's Motion*. *Id*. at p. 10.

*Plaintiff's Motion* does not specify a basis for an award of sanctions. Rule 11 of the Federal Rules of Civil Procedure confers on a district court the discretion to award sanctions when a party files pleadings, motions, or papers for an improper purpose, or which are not warranted by existing law or a nonfrivolous extension of the law, or when the allegations and factual contentions made in such filings lack evidentiary support. *See* Fed. R. Civ. P. 11(c). Rule 11 sanctions are unavailable here, because plaintiff has not established his compliance with the rule's safe harbor requirements. *See* Fed. R. Civ. P. 11(c)(2); *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997).

A court is also vested with the inherent authority to sanction misconduct and to assess attorneys' fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct is tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (internal quotations and citations omitted). *See also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) ("A court may impose

7

sanctions pursuant to its inherent powers only when it finds the action in question was taken in bad faith.") (internal quotations omitted)).  In the case presently before the Court, there is no indication that defendant acted in bad faith when it challenged the validity of the settlement agreement.  Indeed, plaintiff has not even argued that plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

Plaintiff bases his request for sanctions merely on the lapse of time since the parties agreed to settle this case.  However, delay alone is not equivalent to a finding of bad faith. This is especially so in light of the fact that plaintiff waited months after the dispute arose, *see Order*, ECF 21, and until three days prior to the final pretrial conference to file his motion to enforce the settlement agreement.  Under these circumstances, the Court concludes that an award of sanctions would be unjust.

**WHEREUPON** *Plaintiff's Motion to Enforce Settlement Agreement*, ECF 32, is **GRANTED in part** and **DENIED in part**.  The Court concludes that the parties' settlement agreement is enforceable but that plaintiff's request for an award of sanctions is without merit.

The trial scheduled to begin June 16, 2015, is **VACATED**.

**A status conference will be held on May 15, 2015 at 10:00 a.m., unless the dismissal entry is received prior to that date.**


April 28, 2015                                     *s/Norah McCann King*
                                                     Norah M<sup>c</sup>Cann King
                                               United States Magistrate Judge